IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACK LEFF,                          )
         Plaintiff,                 )
                                    )
    v.                              ) Civil Action No. 11-1609
                                    )
MERCY LIFE CENTER CORPORATION       )
t/d/b/a MERCY BEHAVIORAL HEALTH,    )
         Defendant.                 )

MEMORANDUM

Gary L. Lancaster,                          April 11, 2012
Chief Judge.

This is an action in employment discrimination. Plaintiff, Jack Leff, alleges that defendant, Mercy Life Center Corporation, t/d/b/a Mercy Behavioral Health ("Mercy"), terminated his employment in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. § 951 et seq., and the common law tort of wrongful discharge in violation of public policy. Plaintiff seeks damages, reinstatement, and attorneys' fees. Mercy has filed a partial motion to dismiss, arguing that Pennsylvania does not recognize a common law cause of action for wrongful discharge on the basis of discrimination. [Doc. No. 3]. Defendant argues that because he properly

exhausted his administrative remedies, he may assert a wrongful discharge claim in addition to his statutory claims.

Because Pennsylvania does not recognize such a claim, defendant's motion will be granted and count VI of plaintiff's complaint will be dismissed.

Pennsylvania common law provides a cause of action for wrongful discharge in violation of clear mandates of public policy. Weaver v. Harpster, 975 A.2d 555, 562-63 (Pa. 2009). Wrongful discharge is an exception to the general principle that an employment relationship is terminable at will and is narrowly construed. Weaver, 975 A.2d at 563. In Clay v. Advanced Computer Applications, Inc., the Pennsylvania Supreme Court held that the statutory remedies made available by the PHRA precluded a claim for wrongful discharge based on discrimination. 559 A.2d 917, 921 (Pa. 1989).

It is true that the court in Clay sought to prevent plaintiffs claiming discrimination from circumventing the procedures set forth in the PHRA. Id. at 919. However, its holding was not limited to that circumstance. Because the PHRA provides a statutory remedy, Pennsylvania courts do not recognize a cause of action for wrongful discharge due to discriminatory practices, regardless of whether the proper administrative procedures were followed. Weaver, 975 A.2d at 567.

The PHRA provides a statutory remedy from discrimination in employment due to both disability and age. 43 Pa. Stat. § 955(a). It therefore precludes the assertion of the common law tort of wrongful discharge on either basis. <u>Vincent v. Fuller Co.</u>, 616 A.2d 969, 974 (Pa. 1992) (age); <u>M.A.E. v. Doe & Roe</u>, 566 A.2d 285, 286-87 (Pa. Super. Ct. 1989) (Cavanaugh, J., concurring) (disability). <u>Cf</u>. <u>Brufett v. Warner Communc'ns, Inc.</u>, 692 F.2d 910, 915-20 (3d Cir. 1982) (predicting, prior to <u>Clay</u>, that Pennsylvania would not recognize a common law action for employment discrimination on the basis of disability). Count VI, asserting a claim for wrongful discharge, will be dismissed.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK LEFF, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 11-1609 |
| | ) |
| MERCY LIFE CENTER CORPORATION | ) |
| t/d/b/a MERCY BEHAVIORAL HEALTH, | ) |
|     Defendant. | ) |

AND NOW, this 11th day of April, 2012, upon consideration of Defendant's Motion to Dismiss Count VI of Plaintiff's Complaint [Doc. No. 3], and the response thereto, IT IS HEREBY ORDERED that defendant's motion is GRANTED. Count VI of the Complaint is DISMISSED.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record